UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LINDA COOMES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO: 3:20-cv-68 |
| | ) |
| TROPICANA ENTERTAINMENT | ) |
| d/b/a AZTAR INDIANA GAMING | ) |
| COMPANY, LLC, | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Linda Coomes ("Coomes"), by counsel, against Defendant, Tropicana Entertainment d/b/a Aztar Indiana Gaming Company, LLC, ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et. Seq.*

**II. PARTIES**

2. Coomes is a citizen of the United States, the State of Indiana, and, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

### III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 42 U.S.C. § 12117, and 29 U.S.C. § 626

5. Defendant is an "employer" as that term is defined 42 U.S.C. § 12111(5)(A).

6. At all times relevant to this action, Coomes was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and and 29 U.S.C. § 630(b).

7. Coomes is a "qualified individual with a disability" as defined by the Americans with Disability Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Coomes' disability and/or Defendant regarded Coomes as being disabled.

8. Coomes exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV. Factual Allegations

10. Coomes, who was born in 1940, was hired by the Defendant on or about January 26, 1996. Coomes worked as a hostess at the Defendant's Max & Erma Restaurant during her tenure of employment with the Defendant.

11.     At all times relevant, Coomes met or exceeded Defendant's legitimate performance expectations.

12.     Coomes is disabled within the meaning of the Americans with Disabilities Act, as amended (ADAA) and/or is regarded as disabled by the Defendant. Coomes has a medical disability/condition that has severely impacted her vision. Coomes is blind in her left eye and has 20/200 vision in her right eye. During the end of her tenure, due to her disability, Coomes was given a magnifying device known as a "Ruby" by the Association for the Blind to help her read.

13.     Coomes' Manager, Rhonda Simmons ("Simmons"), had Coomes demonstrate her use of the device and her ability to perform her job. Coomes demonstrated the device and Simmons approved the use and stated to Coomes that everything was fine. Coomes continued to perform her duties without issue.

14.     In or about October 2017, Coomes was called into a meeting with Defendant's Human Resources Manager, Leah [last name unknown] and the Defendant's Food and Beverage Director, James White ("White"). Leah pulled out a sheet of paper and asked Coomes to read it. Coomes used her Ruby and read the paper, and she told Leah that she had been using the device for a long time without issue.

15.     During or near that same time, Defendant was changing locations and its Max & Erma's location was closing. All of the Max & Erma's employees were allowed to transfer to other jobs – most, if not all, of Coomes' co-workers were allowed to transfer to Defendant's new restaurant called the Tap House.

16. Coomes asked and applied for open positions at the Tap House, including hostess, which was the same job she had been doing for the past 20 years for the Defendant. Leah told Coomes that she would not let her have the job because it would be "too frustrating" due to Coomes' disability. Moreover, Defendant did not offer Coomes any other position or engage in the interactive process in any way.

17. Coomes also inquired about a position with the Defendant to White. White told Coomes that "with your disability, it's hard to find a job for you." It was not until January 2018 that the Respondent offered Coomes a "casual" job with its Banquets Department. However, Coomes was only offered work on one (1) day in February, one (1) day in March and two (2) days in April. Coomes finally quit her employment on or about April 20, 2018.

18. Coomes was discriminated against based on her disability in violation of the ADAA when she was not allowed to transfer, denied a position, placed into an unsustainable casual position and constructively discharged by the Defendant. Moreover, Defendant failed to engage in the interactive process as required by the ADAA and failed to accommodate Coomes.

19. Coomes was also discriminated against based on her age in violation of the ADEA when she was not allowed to transfer, denied a position, placed into an unsustainable casual position and constructively discharged by Defendant.

## V. Legal Allegations

### Count I – Disability Discrimination

20. Paragraphs one (1) through nineteen (19) of Coomes' Complaint are hereby incorporated.

21. Defendant violated Coomes' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by not allowing her to transfer, denying her position, placing her into an unsustainable casual position and constructively discharging her because of her actual or perceived disability. Further, Defendant failed to engage in the interactive process and/or failed to accommodate Coomes' disability.

22. Defendant's actions were intentional, willful and in reckless disregard of Coomes' rights as protected by the ADA.

23. Coomes has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II: AGE DISCRIMINATION

24. Coomes hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint.

25. Defendant violated Coomes' rights as protected by the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. §§ 621 *et. seq.* by not allowing her to transfer, denying her position, placing her into an unsustainable casual position and constructively discharging her because of her age

26. Defendant's actions were intentional, willful, and in reckless disregard of Coomes' rights as protected by the ADEA.

27. Coomes suffered damages as a result of Defendant's unlawful actions.

## VI. R<small>EQUESTED</small> R<small>ELIEF</small>

WHEREFORE, Plaintiff, Linda Coomes, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4. Pay to Plaintiff liquidated damages;

5. Pay to Plaintiff punitive damages;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       lberger@bdlegal.com
             kfb@bdlegal.com

*Attorneys for Plaintiff, Linda Coomes*

## DEMAND FOR JURY TRIAL

The Plaintiff, Linda Coomes, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       lberger@bdlegal.com
             kfb@bdlegal.com

*Attorneys for Plaintiff, Linda Coomes*